**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LUCIO ALEXANDER BERNAL MUNIZ,[1] | Case No.: 2:26-cv-02020-APG-EJY |
| Petitioner | **Order (1) Granting Petition for Writ of Habeas Corpus and (2) Denying Petitioner's Motion for TRO as Moot** |
| v. | |
| MARKWAYNE MULLIN, et al., | [ECF Nos. 1, 3] |
| Respondents | |

Lucio Alexander Bernal Muniz is a noncitizen from El Salvador currently detained by Immigration and Customs Enforcement (ICE). ECF No. 8-1 at 2.  Bernal Muniz states, and the government does not refute, that he entered the United States in 1990 without inspection. ECF No. 1 at 2.  He was ordered removed and was granted voluntary departure. ECF No. 1-1 at 15. He did not leave the United States and was granted Temporary Protected Status (TPS) in 2003. *Id.* at 20.  In 2014, he received permission to leave the United States under advance parole and spent a few months in El Salvador before returning to the United States under that advance parole. ECF Nos. 1-1 at 26; 8-1 at 4, 7.[2]  The government explains that "[t]he Department of Homeland Security elected to not reinstate the removal order or initiate a second expedited removal."[3] ECF No. 8 at 3 n.3.

---

[1] Throughout the record, Petitioner's name is displayed as "Bernal Munoz." *See, e.g.*, ECF Nos. 1-1 at 2, 7, 15; 8-1 at 2, 11.  I use "Bernal Muniz" to remain consistent with the name as written in his petition.

[2] The government states, without evidence, that he returned to the United States in November 2024, was paroled into the country at that time, and was immediately issued a notice to appear. It also states, without evidence, that he was removed "by expedited removal and returned to the international border." ECF No. 8 at 3 n.3.

[3] There is no evidence that Bernal Muniz had a first expedited removal, since he voluntarily left for El Salvador in 2014 under a grant of advance parole. *See* ECF No. 1-1 at 26.  It is unclear why the Department of Homeland Security did not reinstate his removal order, but U.S.

Bernal Muniz continued to reapply for TPS and most recently renewed his status in 2018. ECF No. 8-1 at 4.  He reapplied for TPS on March 21, 2025, three days after the deadline for the extension. ECF No. 1-1 at 67; Extension of the Designation of El Salvador for Temporary Protected Status, 90 Fed. Reg. 5953 (Jan. 17, 2025).  That application remains pending. ECF No. 1-1 at 61.

While in the United States, Bernal Muniz was convicted of various crimes over the years, and in January and April of 2026, he was convicted of unlawful use or possession of drug paraphernalia. ECF Nos. 8-1 at 4.; 1-1 at 45, 47-48.  After his most recent conviction in April, ICE issued Bernal Muniz a warrant and notice to appear and took custody of him, alleging he was an alien present in the United States who has not been admitted or paroled in violation of § 212(a)(6)(A)(i) of the Immigration and Naturalization Act (INA) and that he did not possess a valid visa under § 212(a)(7)(A)(i)(I) of the INA. ECF No. 8-1 at 4-5, 7, 10, 12.

In May 2026, an immigration judge (IJ) denied Bernal Muniz bond because ICE charged him as "an arriving alien" and therefore the IJ did not have jurisdiction to determine bond. ECF No. 1-1 at 50.  Bernal Muniz filed this petition for a writ of habeas corpus seeking release or, in the alternative, a bond hearing.  He argues that he may not be detained because he has TPS and, if his detention is valid, it is under 8 U.S.C. § 1226(a) so he should get a bond hearing.  He also moves for a temporary restraining order seeking his release.  The government argues that Bernal Muniz is detained under § 1225(b)(2) because he re-entered the country on parole, which makes him an arriving alien subject to mandatory detention.  I grant Bernal Muniz's petition because he

---

Citizenship and Immigration Services determined that his first removal order was effectuated upon his departure in 2014. ECF No. 1-1 at 29.

may not be detained based on his immigration status while under TPS. I accordingly deny his motion for a temporary restraining order as moot.

**A. Habeas Corpus Petition**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003). I have "equitable discretion" "as law and justice require" for remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted).

**B. Bernal Muniz may not be detained based on his immigration status because he has Temporary Protected Status.**

Bernal Muniz argues that he may not be detained based on his immigration status because he currently has TPS. The government does not respond to this argument or recognize that Bernal Muniz has ever had, or currently has, TPS. Under 8 U.S.C. § 1254a(d)(4), a noncitizen "provided temporary protected status . . . shall not be detained by the Attorney General on the

basis of [their] immigration status in the United States." "A TPS designation for an individual can be removed in two ways." *See Fernandez v. Noem*, No. 1:26-cv-01999-KES-CDB (HC), 2026 WL 2085889, at *11 (E.D. Cal. July 20, 2026). First, TPS may be withdrawn for any of the grounds listed in 8 C.F.R. § 244.14(a), but such withdrawal "shall be in writing and served by personal service." 8 C.F.R. § 244.14(b)(1). Second, the government may terminate TPS for all noncitizens of a certain foreign state under 8 C.F.R. § 244.19.

Bernal Muniz contends, and the government does not refute, that he currently has TPS because he has not received written notice that his TPS has been withdrawn. And the government has not terminated TPS for all noncitizens from El Salvador. Instead, it extended that status through September 9, 2026. Extension of the Designation of El Salvador for Temporary Protected Status, 90 Fed. Reg. 5953 (Jan. 17, 2025). ICE is currently detaining Bernal Muniz because he is present "without being admitted or paroled" and "is not in possession of a valid unexpired immigrant visa" ECF No. 8-1 at 5, 10. Therefore, ICE is detaining Bernal Muniz, who has TPS, based on his immigration status in violation of 8 U.S.C. § 1254a(d)(4). The government did not respond to this argument and therefore consents to my granting Bernal Muniz's petition on this ground. LR 7-2(d). Accordingly, I order Bernal Muniz to be released.

**C. Conclusion**

I THEREFORE ORDER that Lucio Alexander Bernal Muniz's petition for writ of habeas corpus **(ECF No. 1) is GRANTED.**

I FURTHER ORDER that Bernal Muniz's motion for a temporary restraining order **(ECF No. 3) is DENIED as moot.**

I FURTHER ORDER the respondents to release Bernal Muniz from the custody of Nevada Southern Detention Center no later than **August 10, 2026**, and transport him to 501 Las Vegas Blvd South, Las Vegas, Nevada by 5:00 p.m. that same day. **The respondents must advise Bernal Muniz's counsel of the estimated time of release for coordination purposes, with at least one hour notice.**

I FURTHER ORDER that the respondents may not re-detain Bernal Muniz based on his immigration status while he has a current grant of TPS.

I FURTHER ORDER the clerk of court to close this case.

DATED this 7th day of August, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE