**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LUCIO ALEXANDER BERNAL MUNOZ,[1]<br><br>Petitioner<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents | Case No.: 2:26-cv-02020-APG-EJY<br><br>**Order Granting Petitioner's Motion to Enforce Judgment**<br><br>[ECF No. 11] |

On August 7, 2026, I granted Lucio Alexander Bernal Munoz's petition for habeas corpus and ordered the respondents to release him from custody. ECF No. 10. I also ordered the respondents to notify Bernal Munoz's counsel at least one hour before releasing him. *Id.* at 5. On August 7, an Immigration Judge ordered Bernal Munoz deported despite his Temporary Protected Status (TPS). ECF No. 11-1 at 2-5. The respondents released Bernal Munoz on August 10 but did not give his counsel notice as I ordered. *Id*. at 11. Prior to releasing him, Immigration and Customs Enforcement (ICE) installed an ankle monitor on him and ordered him to repeatedly report to the local ICE office. *Id*. at 14-15, 18, 20, 22, 24. Bernal Munoz now moves for me to enforce my prior release order by ordering the respondents to remove the ankle monitor and terminate his new reporting requirements.

Bernal Munoz was granted TPS in 2003. ECF No. 1-1 at 20. His most recent application for renewal of TPS status remains pending. ECF No. 11-1 at 26. Therefore, he may not be detained based on his immigration status. 8 U.S.C. § 1254a(d)(4). My release order did not permit further restrictions on Bernal Munoz's liberty. The requirement of an ankle monitor and

[1] Throughout the record, Petitioner's name is displayed as "Bernal Munoz." *See, e.g.*, ECF Nos. 1-1 at 2, 7, 15; 8-1 at 2, 11. Bernal Munoz states in his affidavit that is his correct name. ECF No. 11-1 at 14. I therefore order the clerk of court to correct the caption.

repeated reporting constitute continued custody, in violation of my order. *Hogarth v. Santacruz*, No. 5:25-CV-09472-SPG-MAR, 2025 WL 3211461, at *13 (C.D. Cal. Oct. 23, 2025) (holding that requiring petitioner to make multiple check-ins with ICE each month and wear an electronic monitor "are sufficient to demonstrate that he is in custody . . . ."). Other courts have held similarly.[2]

The respondents' only justification for the ankle monitor and frequent reporting is that Bernal Munoz is now subject to a removal order. ECF No. 14 at 1.[3] But the removal order has been appealed so it is not a final order. ECF No. 11-1 at 7. The respondents' requirements of ankle monitoring and frequent reporting violates my order and 8 U.S.C. § 1254a(d)(4). It must be stopped immediately. *Verdugo-Carrasco v. United States*, No. 2:25-CV-02374-CDS-EJY, 2026 WL 1006473, at *1 (D. Nev. Apr. 13, 2026) (ordering removal of ankle monitor because respondents "did not present any evidence demonstrating why the ankle monitor is necessary").

---

[2] *See, e.g.*, *A.B.D. v. Wamsley*, No. 6:25-CV-02014-AA, 2026 WL 178306, at *7–8 (D. Or. Jan. 22, 2026) ("The Court concludes that, by these 'intensive supervision' and monitoring measures, which carry with them the potential for future adverse consequences for noncompliance, ICE controls Petitioners' daily lives and thus subjects them to significant restraints that are not shared by the public generally. . . . Accordingly, the Court determines that Respondents, by self-described 'intensive supervision' measures, continue to maintain custody of Petitioners and that Petitioners may seek and be granted habeas relief from the on-going restraints on their liberty." (collecting cases)); *Jones v. Cunningham*, 371 U.S. 236, 239 (1963) ("[I]n the United States the use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody. . . . History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus.").

[3] The respondents' counsel moved for an extension of the response date because he was awaiting documents from his clients. ECF No. 13. However, no documents were attached to the respondents' opposition. I nevertheless grant the motion for the one-day extension.

I THEREFORE ORDER that Lucio Alexander Bernal Munoz's motion to enforce judgment **(ECF No. 11) is GRANTED.**

I FURTHER ORDER the respondents to **immediately** remove the ankle monitor from Bernal Munoz and cease requiring him to report to ICE offices. The monitor must be removed as soon as Bernal Munoz can get to an ICE office in Las Vegas. He is to have no further restrictions on his liberty or further reporting requirements beyond what existed under his TPS status prior to him being taken into ICE custody on April 14, 2026.

I FURTHER that the respondents' motion for extension of time **(ECF No. 13) is granted.**

I FURTHER ORDER the clerk of court to correct the petitioner's last name to Bernal Munoz, not Bernal Muniz.

DATED this 4th day of September, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE